IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL RUSSI, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, et al., | : | NO. 06-2730 |
| Respondents. | : | |

REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution, in Somerset, Pennsylvania. For the reasons which follow, it is recommended that the petition be denied and dismissed.

I.     PROCEDURAL HISTORY

On July 15, 1999, following a jury trial presided over by the Honorable Juan R. Sanchez, petitioner was convicted of criminal attempt to commit burglary, and loitering and prowling at night. Specifically, petitioner was convicted of attempting to break into the home of Ralph Lawrence through a kitchen window. On September 8, 1999, the trial court sentenced petitioner to a term of ten (10) to twenty (20) years imprisonment for criminal attempt to commit burglary, and a concurrent term of one (1) to two (2) years imprisonment for loitering and prowling at night time.

Petitioner filed a direct appeal to the Superior Court of Pennsylvania. Petitioner claimed:

1

>     (1)     The trial court erred in failing to suppress the identification of petitioner by Ralph Lawrence;
>
>     (2)     42 Pa.C.S.A § 9714(b) is unconstitutional due to an illegal burden shifting; and
>
>     (3)     42 Pa.C.S.A. § 9714 is unconstitutionally over-broad.

The Superior Court denied petitioner's claims as to petitioner's conviction. However, the Superior Court dismissed petitioner's judgment of sentence and remanded for re-sentencing. On December 20, 2000, petitioner was sentenced to a term of ten (10) to twenty (20) years imprisonment for criminal attempt to commit burglary, and a concurrent term of three (3) to six (6) months imprisonment for loitering and prowling at night time.

On June 18, 2001, petitioner was granted a *nunc pro tunc* appeal to the Superior Court. The court appointed counsel and petitioner filed a *nunc pro tunc* appeal to the Superior Court on July 13, 2001. Petitioner made two ineffective assistance of counsel claims. Petitioner claimed that trial and appellate counsel were ineffective in not obtaining the 911 tapes, which were destroyed through procedure. On June 5, 2002, the Superior Court affirmed petitioner's judgement of sentence. On August 7, 2002, the Superior Court denied petitioner's application for re-argument.

On August 27, 2002, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq. On April 1, 2004, the PCRA court held an evidentiary hearing. On April 6, 2004, the PCRA court denied the petition. Petitioner filed a notice of appeal to the Superior Court, again claiming that petitioner's trial and appellate counsel were ineffective in not obtaining the 911 tape, which was destroyed through procedure. The Superior Court denied petitioner's appeal.

On May 22, 2006, petitioner filed the instant petition seeking habeas corpus relief, claiming:

(1) The Commonwealth suppressed the 911 police tapes that would have been favorable to petitioner, amounting to a violation of Brady v. Maryland, 373 U.S. 83 (1963).

(2) Petitioner's sentence was excessive in violation of petitioner's fourteenth amendment rights;

(3) Malicious prosecution in violation of petitioner's fourteenth amendment rights; and

(4) Ineffective assistance of trial counsel for failing to rigorously cross-examine the arresting officer;

Respondents retort that petitioner is not entitled to federal habeas relief. Respondents contend that petitioner's first claim although properly raised, is without merit. We disagree with the respondents contention that petitioner has properly raised his first claim in state court. After review of the state court records we find that petitioner failed to raise this first claim at any state court level, and as such the claim is procedurally defaulted.

Respondents further contend that petitioner's second through fourth claims are procedurally defaulted, as the claims were not properly presented to the state courts and cannot be presented there now. We agree that procedural default is established as discussed hereafter, and thus find the petition for Writ of Habeas Corpus should be dismissed in its entirety.

II. PROCEDURAL DEFAULT

We find all of petitioner's claims procedurally defaulted.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728,

3

1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which burden demand's, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983). In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving the state courts of the "opportunity to correct their own errors, if any." Toulson v. Beyer, 987 F.2d 984, 989 (3rd Cir. 1993).

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred... there is procedural default for the purpose of federal habeas..." Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, reh'g denied, 501 U.S. 1277, 112 S. Ct. 27 (1991); McCandless v. Vaughn, 172 F.3d 255, 260 (3rd Cir. 1999). The procedural default barrier precludes federal courts from reviewing a state petitioner's federal claims if the state court decision is based on a violation of state procedural law that is independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729. "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [b]ecause this Court has no power to review a state law determination that is

4

sufficient to support the judgment." Id. "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court." Id., at 732.

In the event a petitioner brings claims which are procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be excuse. Such excuse is allowed only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Our review demonstrates that procedural default is established here.

Petitioner's first claim is that the Commonwealth committed a Brady violation by suppressing the tapes of Ralph Lawrence's 911 call. Petitioner never raised this claim at any state court level. Although petitioner did claim ineffective assistance of counsel because counsel did not obtain the 911 tapes, petitioner never claimed the Commonwealth committed a Brady violation by suppressing the 911 tapes. Since, the state court never reviewed this claim the claim is considered procedurally defaulted and barred from federal habeas review. Thus, we must dismiss the habeas petition as to this first claim.

Petitioner's second claim is that his sentence was excessive in violation of petitioner's fourteenth amendment rights. In petitioner's direct appeal to the Superior Court, petitioner claimed that 42 Pa.C.S.A § 9714(b) is unconstitutional due to an illegal burden shifting and that, in turn, petitioner's sentence was illegal. That is the only time petitioner raised a claim in regard to petitioner's sentence. In order to exhaust this claim, of unconstitutional excessiveness, it is required that petitioner raise this claim in the state court. Petitioner failed to

raise this second claim at all available state court levels.  Petitioner has not properly exhausted this claim.  This claim is procedurally defaulted and must be dismissed without review by this court.

Petitioner third claim is that the Commonwealth maliciously prosecuted petitioner in violation of petitioner's fourteenth amendment rights.  Petitioner's fourth claim is that trial counsel was ineffective for failing to rigorously cross-examine petitioner's arresting officer.  After review of the relevant state court record it appears that petitioner failed to raise either of these claims in the state courts.  Petitioner was required to raise these claims during direct review in order to exhaust them.  Petitioner's third and fourth claims are not exhausted and are procedurally defaulted.  As a result, we must dismiss the habeas petition as to these claims and in its entirety.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this _____ day of January, 2007, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED and DISMISSED.  It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:


/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE