**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MIGUEL RUSSI | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | |
| | : | NO.  06-2730 |
| GERALD ROZUM, et al. | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**Baylson, J.**                                                                                    **June 27, 2007**

**I.      Introduction**

Petitioner, Miguel Russi, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254 in this Court on May 22, 2006.  The Court referred the case to Magistrate Judge Linda K.

Caracappa ("Magistrate Judge") on October 30, 2006.  Judge Caracappa issued a Report and

Recommendation ("R & R") pursuant to 28 U.S.C. § 636(c)(1) on January 31, 2007 suggesting

that the petition be denied and dismissed.  Petitioner has now filed a response listing a number of

objections to the R & R.  Upon independent and thorough consideration of the record and all

filings in this Court, Petitioner's objections are overruled and the Magistrate Judge's

recommendations are accepted.

**II.     Background and Procedural History**

On July 15, 1999, after a jury trial in the Court of Common Pleas for Chester County,

Petitioner was found guilty of criminal attempt to commit burglary and loitering and prowling at

night.  The trial judge then sentenced Petitioner on September 8, 1999 to a term of imprisonment

of 10 to 20 years for the attempted burglary conviction and 1 to 2 years for the loitering and

prowling at night conviction.  Petitioner filed a direct appeal with the Superior Court of

Pennsylvania, which denied Petitioner's claims with respect to his conviction but vacated his

sentence and remanded for re-sentencing.  On December 20, 2000, the trial judge re-sentenced

Petitioner to a term of 10 to 20 years for attempted burglary and 3 to 6 months for loitering and

prowling at night.

After he was granted the right to file a *nunc pro tunc* appeal to the Superior Court of

Pennsylvania, Petitioner appealed his new sentence.  On June 5, 2002, the Superior Court

affirmed Petitioner's judgment of sentence and, two months later, denied his application for re-

argument.

Petitioner then began the process of seeking collateral relief in state court.  On August 27,

2002, he filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §

9541.  After holding an evidentiary hearing on April 1, 2004, the PCRA court denied the petition

in an order issued on April 6, 2004.  The Petitioner's subsequent appeal to the Superior Court

was denied on August 3, 2005.

Petitioner filed the instant petition seeking habeas corpus relief on May 22, 2006.  In the

petition, he raises four claims: (1) the Commonwealth suppressed the 911 police tapes that would

have been favorable to Petitioner in violation of Brady v. Maryland, 373 U.S. 83 (1963); (2)

Petitioner's sentence was excessive in violation of his Fourteenth Amendment rights; (3) his

conviction was the result of a malicious prosecution in violation of Petitioner's due process

rights under the Fourteenth Amendment; and (4) ineffective assistance of trial counsel because

his trial counsel failed to rigorously cross-examine the arresting officer.  Respondent's December

8, 2006 response argues that Petitioner failed to exhaust his state court remedies with respect to

his second, third, and fourth claims and that those claims are now procedurally defaulted. Respondent further contends that, while Petitioner exhausted his first claim in state court, he has failed to show he suffered any prejudice from the failure to obtain the 911 tapes and this claim is therefore without merit.

The Magistrate Judge's R & R, by contrast, found that all of Petitioner's claims, including his first claim relating to the Brady violation, have been procedurally defaulted for failure to raise these claims in state court.  With respect to the Brady claim in particular, the Magistrate Judge noted that Petitioner had raised a claim for ineffective assistance of counsel resulting from Petitioner's trial counsel's failure to obtain the 911 tapes, but had never claimed that the Commonwealth committed a Brady violation.  According to the Magistrate Judge, since the state court never reviewed this claim, it is considered procedurally defaulted and barred from federal habeas review.

## III.   <u>Discussion</u>

In his objections to the Magistrate Judge's R & R, Petitioner argues generally that the Court should not adopt the Magistrate Judge's proposed disposition because his federal claims have merit.  He specifically objects to the Magistrate Judge's finding that his Brady claim arising from the suppression of the 911 tapes was procedurally defaulted.   He argues that he repeatedly raised the Brady issue throughout the state court proceedings.  Petitioner maintains he presented the claim that the Commonwealth violated the strictures of Brady to the Superior Court, but the Superior Court instead "narrowly characterized this claim as alleging ineffective assistance of counsel, and not a Brady claim," which resulted in a failure to adjudicate his Brady claim on the merits.  Petitioner argues that this Court should therefore conduct a de novo review of the merits

of this claim.  With respect to the remaining three claims, Petitioner asserts that these claims have not been procedurally defaulted but offers no further support for this contention.

Pursuant to 28 U.S.C. § 2254(b)(1), a petitioner is not entitled to have his claims reviewed by a federal court until he has exhausted all means of available relief under state law by fairly presenting each claim in state court.  O'Sullivan v. Boerkel, 526 U.S. 838, 846-47 (1999); Doctor v. Walters, 96 F.3d 675, 578 (3d Cir. 1996).  This "exhaustion" requirement "ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992).  Fair presentation of a claim means that a petitioner "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted."  McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).

Even where a petitioner has not fairly presented a claim to the state courts, the procedurally defaulted claim will be deemed technically exhausted if state procedural rules prevent the petitioner from seeking further relief in state court, leaving him with no available state remedy.  O' Sullivan, 526 U.S. at 848; McCandless, 172 F.3d at 260.  Federal courts will only review this procedurally defaulted claim if the petitioner establishes "cause and prejudice," or a "fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 749-50 (1991).

After reviewing the record, it is clear that Petitioner's second, third and fourth claims were never raised in the state courts, either on direct appeal or during collateral PCRA review, and are therefore procedurally defaulted.

With respect to his Brady claim, the Court agrees with the Magistrate Judge's conclusion

-4-

that this claim was also procedurally defaulted.  Petitioner first cited <u>Brady</u> in his August 12,

2002 PCRA petition to the state court but specifically framed the issue as a claim for ineffective

assistance of counsel: "Appellate counsel rendered ineffective assistance for failing to raise on

direct appeal, or appeal from remand, trial counsel's ineffective assistance for failing to address

the Prosecution's violation of duty, under <u>Brady v. Maryland</u>, to preserve and disclose the

contents, and permitting the destruction of, the 911 tape. . . ."  (App. L.)  At the PCRA hearing

held on April 1, 2004, the Petitioner affirmed that the main issue raised in his PCRA petition was

whether Petitioner's trial counsel and appellate counsel "were ineffective in failing to get their

hands on the 911 tape."  (App. M at 2.)  Presenting a claim for ineffective assistance of trial

counsel for failure to raise a constitutional claim is not the same as raising the underlying claim

itself and will not serve to exhaust the underlying claim for purposes of federal habeas review.

<u>See</u> <u>Gattis v. Snyder</u>, 278 F.3d 222, 238 n.6 (3d Cir. 2002) (rejecting district court's apparent

conclusion that claim for ineffective assistance of trial counsel was sufficient presentation of a

separate legal claim because it "involves a completely different legal theory"); <u>Dooley v. Petsock</u>,

816 F.2d 885, 889 n.3 (3d Cir. 1987) (observing that petitioner's due process claim was

unexhausted where petitioner had raised only an ineffective assistance of counsel claim in state

court); <u>see also</u> <u>Keeling v. Shannon</u>, No. 06-4626, 2003 WL 22158814, at *9 (E.D. Pa. Aug. 20,

2003) (observing that presentation of an "ineffective assistance of counsel claim is not the same

as [presenting] the underlying substantive claim").

      Even more telling is the Petitioner's failure to raise the <u>Brady</u> claim in appealing the trial

court's decision to deny his PCRA petition to the Superior Court.  Petitioner's brief in support of

his appeal does not cite <u>Brady</u> and instead focuses exclusively on his ineffective assistance of

counsel argument. (App. P.)  In light of this record evidence, it is disingenuous for the Petitioner to assert that he presented this claim to the Superior Court and it was the Superior Court, and not Petitioner, that narrowly characterized his claim as one for ineffective assistance of counsel.

Further, Petitioner has made no showing that would support a finding that his procedural default on his habeas claims should be excused because there was a "cause for the default and actual prejudice as a result of the alleged violation of federal law" or because a "failure to consider the claims will result in a fundamental miscarriage of justice."  See Coleman, 501 U.S. at 750.  Because Petitioner had failed to establish that either the "cause and prejudice" or "fundamental miscarriage of justice" exceptions apply to his case, he is not entitled to federal habeas review of his procedurally defaulted claims.

## IV.   Conclusion

The Court therefore finds that the Magistrate Judge correctly opined that all of the claims raised in Petitioner's federal habeas petition have been procedurally defaulted.  Accordingly, for the reasons stated by the Magistrate Judge, and based on the foregoing discussion, the Petition for Writ of Habeas Corpus will be denied.

A:\Russi v. Rozum, 06-2730 Memo Approve R&R.wpd